**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**MICHAEL L. GAEBLER**
Raceland, Kentucky

APPELLEE PRO SE:

**JANICE BANKERT-COUNTRYMAN**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL L. GAEBLER,                          )
                                             )
    Appellant-Petitioner,                )
                                             )
        vs.                          )   No. 49A04-1111-DR-630
                                             )
JANICE (GAEBLER) BANKERT-COUNTRYMAN,         )
                                             )
    Appellee-Respondent.                 )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas J. Carroll, Judge
The Honorable Christopher Haile, Magistrate
Cause No. 49D06-0403-DR-628

**August 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Michael Lee Gaebler ("Father") appeals the dissolution court's order modifying his child support obligation for his two minor children with Janice Bankert-Countryman ("Mother"). Father raises a single issue for our review, namely, whether the dissolution court abused its discretion when it imputed income to Father.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

Father and Mother, now divorced, have two minor children together.[1] A few years after the dissolution of their marriage, Mother filed a petition to modify custody, parenting time, and child support. Following a hearing, the dissolution court granted Mother's petition, imputing income to Father and ordering him to pay child support in the amount of $138 per week. This appeal ensued.

**DISCUSSION AND DECISION**

When we review a determination of whether child support should be modified, we reverse only if the trial court has abused its discretion. Cross v. Cross, 891 N.E.2d 635, 641 (Ind. Ct. App. 2008). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the trial court. Id. We consider the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom. Id. We do not reweigh the evidence or reassess the credibility of witnesses. Id. As the moving party, Mother had the burden of establishing grounds for

---

[1] The record on appeal does not include copies of any pleadings or other sources of information regarding the dates of the parties' marriage, the dates of birth of their children, the date of the dissolution of marriage, the terms of the parties' custody and child support agreement, and the like. Because of the dearth of such information, our statement of facts is brief.

2

modifying Father' child support obligation.  Scoleri v. Scoleri, 766 N.E.2d 1211, 1215

(Ind. Ct. App. 2002).

The modification of a child support order is governed by Indiana Code Section 31-

16-8-1, which states in pertinent part:

(a) Provisions of an order with respect to child support . . . may be modified or revoked.

(b) Except as provided in section 2 of this chapter, modification may be made only:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) upon a showing that:

(A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

(B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

If a parent is voluntarily unemployed or underemployed, child support shall be

calculated based on a determination of potential income.  Ind. Child Support Guideline

3(A)(3).  "A determination of potential income shall be made by determining

employment potential and probable earnings level based on the obligor's work history,

occupational qualifications, prevailing job opportunities, and earnings levels in the

community." Id.

3

Here, Father testified that, until March 2011, he had been employed as a jeweler earning $18 per hour and working an average of thirty-two hours per week. Father also testified that he was fired from his job in Indianapolis for "being tardy." Transcript at 42. Father, who is remarried, moved to a small town in rural Kentucky "[i]n the hopes of finding employment" and to be near his new wife's mother. Id. Father testified that he could not find work as a jeweler in rural Kentucky. Accordingly, Father is currently employed as a school bus driver, working twenty hours per week at $9 per hour.

Mother presented evidence that, on average, a jeweler can earn $37,390 per year in Indiana and $34,430 per year in Kentucky. Father did not present any evidence regarding his efforts to secure employment as a jeweler in Kentucky. On appeal, Father has included in his Appendix a document entitled "Potential Employer Contacts." But we will not consider that document, as it was not in evidence before the dissolution court. Indeed, Father did not submit any evidence to the dissolution court at the modification hearing.

The dissolution court imputed income to Father in the amount of $35,000 per year. That amount is supported by the evidence Mother submitted to the dissolution court. To the extent that Father now complains that the modified child support order "is placing an undue financial burden upon him and his family," Father does not direct us to any evidence in the record to support that contention. Brief of Appellant at 5. Father did not present any evidence regarding his finances, other than to state his income as a school bus driver. Neither did Father submit a Child Support Obligation Worksheet. Father has not met his burden on appeal to show that the dissolution court abused its discretion when it

4

imputed income to Father and ordered him to pay $138 per week in child support for his two children with Mother.

Affirmed.

KIRSCH, J., and MAY, J., concur.